**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1244
_____

UNITED STATES OF AMERICA

v.

RONALD IAN BOATWRIGHT,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1:03-CR-0361)
District Judge:  Hon. William W. Caldwell

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2013

Before:  MCKEE, Chief Judge, FUENTES, and CHAGARES, Circuit Judges.

(Filed:  December 16, 2013)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Ronald Boatwright appeals his sentence of 18 months of imprisonment, imposed upon a revocation of supervised release.  The sentence was to be served consecutively to a sentence of 110 months of imprisonment, imposed for a substantive drug violation.  His attorney has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967).

For the reasons that follow, we will grant the motion and affirm the judgment of sentence.

## I.

We write solely for the parties and therefore recite only the facts that are necessary to our disposition. On July 28, 2004, Boatwright pleaded guilty to firearms and drug charges and was sentenced to 84 months of imprisonment and three years of supervised release. On August 10, 2011, an arrest warrant was issued for Boatwright, alleging that he violated the conditions of his supervised release. Pursuant to the warrant, he appeared with counsel before Magistrate Judge Martin C. Carlson on August 17 and 19, 2011. The conditions allegedly violated involved use of controlled substances, violations of state and local laws, and failure to report arrest on those charges in a timely manner to Boatwright's probation officer.

At the August 19, 2011 hearing, the Government moved to dismiss its petition for warrant without prejudice because Boatwright had been arrested and held without bail on state drug charges, and because the Government intended to indict Boatwright shortly on federal drug charges. The court dismissed the petition without prejudice. The Government filed a two-count indictment on August 24, 2011 in the Middle District of Pennsylvania, charging Boatwright with conspiracy to distribute and distribution of crack cocaine. On July 16, 2012, pursuant to a plea agreement stipulating a sentencing range of 100 to 120 months, Boatwright pleaded guilty to the conspiracy count, and the Government dropped the distribution count.

On January 3, 2013, the District Court accepted the plea agreement and sentenced Boatwright to 110 months of imprisonment. The parties agreed that Boatwright did not contest the supervised release violations, and that the properly calculated advisory Guidelines range for his violations was 37 to 46 months of imprisonment. Boatwright requested that the District Court impose his sentence concurrent with the 110-month sentence. The District Court declined to do so, imposing a sentence of 18 months of imprisonment to run consecutive to the 110-month sentence.[1] Boatwright filed a timely pro se notice of appeal, which was docketed on January 23, 2013.

II.[2]

Boatwright's counsel moves to withdraw as attorney of record, arguing that there are no non-frivolous issues that can be advanced on appeal. A copy of defense counsel's brief was furnished to Boatwright, and he was given thirty days to file a brief on his own behalf. Boatwright declined to do so. The Government has submitted a brief that responds to defense counsel's Anders brief, and supports counsel's petition.

Counsel may move to withdraw from representation if, "upon review of the district court record," he or she "is persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); see also Anders, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). Our "inquiry when counsel

---

[1] The 18-month consecutive sentence consisted of two 18-month concurrent sentences for violation of supervised release on the two counts of Boatwright's original conviction.
[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

submits an Anders brief is twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301 (quotation marks omitted).

Boatwright's counsel submits that he has thoroughly reviewed the record and has found no meritorious issues to raise on appeal. He has identified three possible areas of review: (1) whether the District Court had jurisdiction or violated Boatwright's due process rights; (2) whether Boatwright entered a valid guilty plea; and (3) whether the sentence was procedurally and substantively reasonable.[3]

After reviewing the record, counsel concludes that the District Court properly exercised subject matter jurisdiction under 18 U.S.C. § 3231, and was authorized to revoke a sentence of supervised release under 18 U.S.C. § 3583(e). Furthermore, Boatwright did not raise any objection to the District Court's jurisdiction or authority to revoke his supervised release. With regard to due process, counsel concluded that the District Court complied with the requirements for revocation of supervised release pursuant to Gagnon v. Scarpelli, 411 U.S. 778, 782-91 (1973), Black v. Romano, 471 U.S. 606, 610–14 (1985), and Federal Rule of Criminal Procedure 32.1. Specifically, Boatwright had notice of the alleged violations, his revocation hearing was held within a

---

[3] We review sentences imposed for violations of supervised release for reasonableness. United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007). We review the reasonableness of a sentence under an abuse-of-discretion standard, and will not reverse unless no reasonable court could have imposed such a sentence. United States v. Tomko, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc).

reasonable time of the filing of the petition for warrant under the circumstances of his case, he was represented by counsel at the hearing, and the District Court provided him with an opportunity to speak on his own behalf. See Black, 471 U.S. at 612; Fed. R. Crim. P. 32.1.

Counsel also determined that there was no non-frivolous basis to challenge Boatwright's admission of guilt. At the sentencing hearing on January 3, 2013, the Government's counsel informed the District Court that Boatwright would not contest the Government's allegations and would concede that he violated his conditions of supervised release, and neither Boatwright's counsel nor Boatwright raised any objection to that admission. See Appendix ("App.") 53.

Finally, counsel determined that there was no non-frivolous appealable issue as to the reasonableness or legality of the sentence imposed by the District Court. After hearing from defense counsel and Boatwright himself, the District Court imposed a sentence well below the bottom of the applicable advisory Guidelines range of 37 to 46 months of imprisonment. Counsel concluded that this sentence was reasonable because (1) the advisory Guidelines instruct that any term of imprisonment imposed upon the revocation of supervised release be imposed consecutively to any sentence being served by the defendant, see U.S.S.G. § 7B1.3(f); (2) the District Court had discretion to impose a consecutive sentence, see 18 U.S.C. § 3584(a); and (3) the District Court explained why it was imposing the sentence consecutively.

Counsel's Anders brief is adequate and will guide our review of the record. We agree with counsel that jurisdiction was proper, Boatwright's due process rights were not

violated, and his plea was valid. We also agree that the District Court's imposition of an 18-month sentence consecutive to the 110-month sentence was not procedurally or substantively unreasonable. The 18-month sentence imposed by the District Court is significantly below the advisory Guidelines range for Boatwright's supervised release violation. The record reflects that the District Court understood that it was not required to impose the sentences consecutively, but rather could exercise discretion in deciding whether or not to do so. See App. 54. The court heard arguments from Boatwright's counsel and statements from Boatwright and several of his relatives, considered whether to impose the sentences concurrently or consecutively, and provided an explanation for the imposition of the consecutive sentence. See, e.g., App. 57-58 ("I think that some significant punishment has to be imposed in addition to the sentence that was imposed on the criminal case that we've just concluded because . . . this is a separate offense, separate violation, and it does directly violate the terms of his supervised release."). Accordingly, we conclude that there are no non-frivolous issues for Boatwright to raise on appeal.

### III.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the District Court's judgment of sentence. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).